## COMMONWEALTH *vs.* THOMAS SKELLEY.

An indictment for a nuisance by keeping and maintaining " a tenement " in a certain street and city, used in a manner prohibited by *St.* 1855, *c.* 405, need not more particularly describe the place so used.

INDICTMENT on *St.* 1855, *c.* 405, averring that the defendant, during a certain time, at Boston, " did keep and maintain a certain common nuisance, to wit, a tenement in Portland Street in said city of Boston," then and there " used for the illegal sale and illegal keeping of intoxicating liquors."

At the trial in the municipal court of Boston at November term 1857, it appeared, on cross-examination of some of the witnesses for the Commonwealth, that the defendant with his family occupied a part of a building elsewhere as a dwelling. The defendant, at the close of the evidence, moved that the case should be taken from the jury, because the word " tenement " was too general; and this motion being overruled and a verdict of guilty returned, made a similar motion in arrest of judgment, which was also overruled; and he alleged exceptions.

*G. Sennott,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

METCALF, J.* By *St.* 1855, *c.* 405, § 1, on which this indictment is founded, " all buildings or tenements, used for the illegal sale or keeping of intoxicating liquors, are declared to be common nuisances, and are to be regarded and treated as such." And we are of opinion that the words " a certain tenement in Portland Street in the city of Boston " sufficiently describe the nuisance which the indictment charges the defendant with keeping and maintaining. The approved forms of indictments for other common nuisances describe the place thereof as a certain building, a certain disorderly house, a certain shop, a certain common gaming house, &c., without further description. 2 Stark. Crim. Pl. (2d ed.) 687. 2 Chit. Crim. Law, 39–41. Crown

---

* In the cases following, MERRICK, J. took the place of THOMAS, J.

Circ. Comp. (7th ed.) 519. Archb. Crim. Pl. (13th ed ) 748, 749 *State* v. *Nixon*, 18 Verm. 70. We see no more reason for a par‑ ticular description of a tenement, in an indictment, than of a building, house or shop. *Exceptions overruled.*